**In re Lynn E. STEVENSON, SSN 572–56–2610, EIN 82–0247678, Debtor.**

**In re BLACK CANYON FARMS, INC., Debtor.**

**Bankruptcy Nos. 90–00480–11, 92–02842–11.**

United States Bankruptcy Court, D. Idaho.

March 19, 1993.

See also 148 B.R. 592.

James L. Kennedy, Jr., Boise, ID, for debtors.

Gary McClendon, Office of the U.S. Trustee, Boise, ID.

Ron Kerl, Green, Service, Gasser & Kerl, Pocatello, ID, for Farm Credit Bank of Spokane.

Tim Tarter, Sp. Procedures Function, I.R.S., Boise, ID.

## SUMMARY ORDER

ALFRED C. HAGAN, Chief Judge.

The debtor in possession in each of the above designated chapter 11 cases has moved for "substantive consolidation" of the two cases. Creditor Farm Credit Services and the Assistant United States Trustee oppose the motions. At this stage of the proceedings, the motions will be denied for the reasons stated hereafter.

The Lynn E. Stevenson chapter 11 petition was filed April 10, 1990. A chapter 11 plan was confirmed in that case on October 31, 1990. The Black Canyon Farms chapter 11 petition was filed September 1, 1992. No plan as been offered or confirmed in the latter case. Lynn E. Stevenson is the sole stockholder of Black Canyon Farms.

■ Substantive consolidation of cases involving two or more separate estates is sometimes appropriate. The Adversary Committee note to Federal Rules Bankruptcy Procedure 1015(b) advises as follows.

Consolidation of cases implies a unitary administration of the estate and will ordinarily be indicated under the circumstances to which subdivision (a) applies. This rule does not deal with the consolidation of cases involving two or more separate debtors. Consolidation of the estates of separate debtors may sometimes be appropriate, as when the affairs of an individual and a corporation owned or controlled by that individual are so intermingled that the court cannot separate their assets and liabilities. Consolidation, as distinguished from joint administration, is neither authorized nor prohibited by this rule since the propriety of consolidation depends on substantive considerations and affects the substantive rights of the creditors of the different estates. For illustrations of the substantive consolidation of separate estates, see *Sampsell v. Imperial Paper & Color Corp.*, 313 U.S. 215 [61 S.Ct. 904, 85 L.Ed. 1293] (1941). See also *Chemical Bank N.Y. Trust Co. v. Kheel*, 369 F.2d 845 (2d Cir.1966); Seligson & Mandell, Multi–Debtor Petition—Consolidation of Debtors and Due Process of Law, 73 Com.L.J. 341 (1968); Kennedy, Insolvency and the Corporate Veil in the United States in Proceedings of the 8th International Symposium on Comparative Law 232, 248–55 (1971).

■ In the District of Idaho, Judge Young allowed substantive consolidation in *In Matter of Luth*, 28 B.R. 564 (Bankr.D.Idaho, 1983). Judge Young adopted the formula of *In re Food Fair, Inc.*, 10 B.R. 123 (Bankr.S.D.N.Y.1981), and *In re Vecco Construction Industries*, 4 B.R. 407, 410 (Bankr.E.D.Va.1980). The formula contains seven factors:

1. the presence or absence of consolidated financial statements,

2. the unity of interests and ownership between the various corporate entities,

3. the existence of parent and inter-corporate guarantees on loans,

4. the degree of difficulty in segregating and ascertaining individual assets and liability,

5. the transfer of assets without formal observance of corporate formalities,

6. the commingling of assets and business functions,

7. the profitability of consolidation at a single physical location.

Many of the foregoing requirements for substantive consolidation are present here. One element not present is any difficulty in segregating and ascertaining individual assets and liability. The two estates, while common ownership interests exist, have existed as separate entities at least since the filing of the Lynn E. Stevenson chapter 11 plan in 1990.

An excellent discussion of substantive consolidation is contained in Volume 3 of Epstein, Nickles and White, Bankruptcy, Practitioner Treatise Series, at page 183. The conclusion of the authors, based on case law and logic, is that substantive consolidation should be a rare event, available only in extremely limited and favorable circumstances.

■ In the final analysis the main requirement for substantive consolidation is that the rights of no creditor or interested

party be prejudiced. At the present time, in the instant case, the effect of any consolidation on the present confirmed plan of Lynn E. Stevenson is not fully known, as is true of the details of a proposed plan in the Black Canyon case. Because of these unknowns, a consolidation now is untimely. While the debtors have indicated the net result of substantive consolidation will enhance the position of creditor Farm Credit Services, other ramifications of consolidation may further impair its position under the Stevenson plan. A Black Canyon Farms, Inc. chapter 11 plan can propose a consolidation with the Lynn E. Stevenson reorganized debtor. A corporate debtor has the opportunity to prepare for and announce its intentions for consolidation under the provisions of 11 U.S.C. § 1123(a)(5)(C)[1].

Rather than consider substantive consolidation of the estate of a confirmed chapter 11 plan with the estate of a debtor without a confirmed plan, it appears to be more prudent to await the proposal in the form of a plan provision in the latter.

Accordingly, it is,

ORDERED:

The motion to consolidate is denied.

---

1. 11 U.S.C. § 1123(a)(5)(C) provides:
    "Notwithstanding any otherwise applicable nonbankruptcy law, a plan shall—
    (5) provide adequate means for the plan's implementation, such as—
    (C) merger or consolidation of the debtor with one or more persons;"